UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATHFINDER CORP. | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:09-cv-0540-JMS-TAB |
| | ) | |
| SAGAMORE TRAINING SYSTEMS, LLC, *et al.*, | ) | |
| *Defendants*. | ) | |
| | ) | |

# **ORDER**

Presently before the Court in this copyright infringement action is the motion for summary judgment filed by Defendants Sagamore Training Systems, LLC ("Sagamore"); Wayne R. Gordon; and Christina Stanton. [Dkt. 16.]

Where, as here, a party moves for summary judgment—the "put up or shut up moment in a lawsuit," *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (quotation omitted)—the responding party must come forth with any evidence that it has to controvert the movant's version of the material facts, Fed. R. Civ. Pro. 56(e)(2) ("[A]n opposing party may not rely merely on allegations or denials in its own pleading…"). To that end, the Court's Local Rules entitle the Court to assume the truth of the facts set forth in the moving party's "Statement of Material Facts Not in Dispute," unless those facts are, among other exceptions not relevant here, "specifically controverted in the opposing party's 'Statement of Material Facts in Dispute.'" L.R. 56.1(e). Because Plaintiff Pathfinder Corp. ("Pathfinder") failed to cite to any evidence controverting Defendants' Statement of Material Facts Not in Dispute, the Court accepts the following facts as true for present purposes:

1. Sagamore provides, among other things, training programs for insurance professionals. These programs include training students to take insurance licensing examinations.

2. The two principal providers of insurance licensing examinations in the United States are Pearson Vue and Prometric.

3. Pearson Vue and Prometric issue content outlines of their respective examinations for life & health insurance certification and property & casualty insurance certification.

4. As a part of its insurance training programs, Sagamore has created and published two course books as part of its Insurance Keys series, titled "Life & Health" and "Property & Casualty" (collectively, the "Sagamore Books").

5. The Sagamore Books have been written to follow the Pearson Vue and Prometric exam content outlines. As a result, students who take a Sagamore training program and use the Sagamore Books are prepared to take either a Pearson Vue test or a Prometric test (depending on which test provider the student's state uses).

6. …Pathfinder Corporation also provides insurance examination training programs. Sagamore is aware of Pathfinder Corporation and its "Life & Health Pathfinder" and "Property & Casualty Pathfinder" course books (the "Pathfinder Books"). The Pathfinder Books also appear to follow the Pearson Vue and Prometric exam content outlines, and may follow exam content outlines of other test providers as well.

[Dkt. 17 at 1-2 (citations omitted).][1]

To prevail on a copyright infringement claim a plaintiff must necessarily prove that the defendant copied the plaintiff's original work. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). A work, or an element of a work, only qualifies as "original" for copyright purposes when it represents "some minimal degree of creativity," or was the product of "intellec-

---

[1] Though arguably proper given Pathfinder's complete failure to produce any evidence here, the Court hasn't automatically accepted as true Sagamore's claims, supported by affidavit, of having "independently" created its texts without "cop[ying] any of the Pathfinder Books or any of their content" and without "deriv[ing]" any material from them. [Dkt. 17 at 2-3.] Substantial similarity, if it existed, might have created an issue of fact as to those items. As it turns out, however, there is no substantial similarity; Pathfinder hasn't created an issue of fact about the truth of those assertions.

tual production, of thought, and conception." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 362 (1991) (quotation omitted).

A plaintiff can prove copying in one of two ways, either "by direct evidence" of copying or else by inference that copying must have occurred because "the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW*, 482 F.3d at 915 (quotation omitted).

Only the second of those methods—access plus substantial similarity—is at issue here; Pathfinder doesn't claim to have direct evidence of copying. [*See* dkt. 19.] And because Defendants have stipulated for present purposes that they had access to the Pathfinder Books, [dkt. 17 at 4], the parties agree that Defendants are entitled to summary judgment unless any reasonable jury could find the Sagamore Books "substantially similar" to original content in the Pathfinder Books, [dkt. 17 at 6; dkt. 19 at 6].

Substantial similarity is viewed under "the 'ordinary observer' test: whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) (quotation omitted). Because substantial similarity requires a close inspection of the original and allegedly infringing work, each set of books here has been submitted to the Court for side-by-side comparison.

**A. Formatting**

Pathfinder first argues substantial similarity exists because its books and Sagamore's books have:

- A blank space on the right side of most pages labeled "Notes";

- A hyphenated page numbering system, which indicates the chapter and page within the chapter;

- The numbering of paragraphs within each chapter along the left-hand side of the page; and

- A set of sequentially numbered multiple-choice review questions at the end of each chapter.[2]

[Dkt. 19 at 4.]

To the extent, if any, that Pathfinder claims that the mere existence of those items supports a claim for copyright infringement, those claims fail for the reason that copyright law only covers original modes of expressing an idea, not the idea itself (which may be protected under other areas of law, like the patent laws, not at issue here), 17 U.S.C. § 102(b) ("In no case does copyright protection…extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery….").

Regarding the actual forms of the items listed above, the Court finds that they lack sufficient originality to receive copyright protection as a matter of law. *See Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009) ("In this circuit, copyrightability is an issue of law for the court." (citation omitted)). The "Notes" column isn't original under the "blank form" doctrine. 37 C.F.R. § 202.1(c) (including among the list of uncopyrightable items "[b]lank forms…which are designed for recording information and do not in themselves convey information"). And the sequential numbering systems of the chapters, pages, paragraphs, and

---

[2] Pathfinder doesn't specifically argue that the wording of the multiple choice questions is substantially similar. The Court's review confirms that they are not. [*Compare, e.g.* Pathfinder Property & Casualty text, p. 1-9, Question 1 ("In order to collect under a P&C policy, an insurable interest must exist (A) At the time of application…."), *with* Sagamore Property & Casualty text, p. 1-9, Question 1 ("If a company cancels an auto policy mid-term, the refund will be made on [a] A.  Pro Rata basis…..").]

multiple choice questions (including the alphabetized possible answers) are too obvious to qualify as original. *See Assessment Techs., LLC v. WIREdata, Inc.*, 350 F.3d 640, 643 (7th Cir. 2003) ("The obvious orderings, the lexical and the numeric, have long been in the public domain, and what is in the public domain cannot be appropriated by claiming copyright. Alternatively, if there is only one way in which to express an idea—for example, alphabetical order for the names in a phone book—then form and idea merge, and in that case since an idea cannot be copyrighted the copying of the form is not an infringement." (citation omitted)). Thus, even assuming substantial similarity of the formatting between the two sets of texts, the substantial similarity doesn't extend to any original elements.

### B. Tables of Contents

Next, Pathfinder asks the Court to compare the table of contents between the texts. It argues that substantial similarity exists because each set has "a nearly identical quantity of sequentially numbered chapters, grouped into sequentially numbered 'Parts,[]'… and… substantially similar chapter names, with only minor changes in wording, and occasionally the order, of the chapter titles." [Dkt. 19 at 4-5.]

The tables of contents for the first two parts of the Pathfinder and Sagamore Life & Health Insurance texts read as follows:[3]

---

[3] A reproduction from the Property & Casualty Insurance texts has been omitted for brevity.

| **Pathfinder Text** | **Sagamore Text** |
|---|---|
| PART I  INSURANCE BASICS | *Part 1:  Introduction to Life and Health Insurance* |
| 1  Introduction To Insurance | Chapter 1  Purpose of Insurance |
| 2  Contract Law | Chapter 2  Contract Law |
| 3  Underwriting Basics | Chapter 3  Underwriting and the Application |
| PART II  LIFE INSURANCE | *Part 2:  Life Insurance* |
| 4  Fundamentals of Life Insurance and Annuities | Chapter 4  Traditional Life Policies |
| 5  Life Insurance Regulation And Policy Provisions | Chapter 5  Flexible Feature Life Policies |
| 6  Life Insurance Policy Options | Chapter 6  Policy Provisions |
| 7  Specialized Life Insurance Policies and Riders | Chapter 7  Policy Options |
| 8  Business and Retirement Uses of Insurance and Annuities | Chapter 8  Policy Riders |
| 9  Flexible Feature Benefits | Chapter 9  Annuities and Retirement Plans |
| | Chapter 10  Business and Group Life |
| | Chapter 11  Social Security |

After examining the competing tables of contents, and assuming without deciding that they possess sufficient originality to be eligible for copyright protection—despite the limited number of logical arrangements of the closed universe of information that students may face on the insurance exams—the Court concludes that no reasonable jury could conclude that the tables of contents in the Sagamore texts represent anything of "substance and value" from that of the Pathfinder texts, *Incredible Techs.*, 400 F.3d at 1011, and are thus not substantially similar.

### C.  The Bodies of the Texts

Finally, Pathfinder asks the Court to compare the bodies of the texts.  From among the hundreds of pages of material allegedly replete with similarities to its texts, Pathfinder only specifically identifies two passages for the Court's review.  Those passages, the first from the Prop-

erty & Casualty Insurance texts and the second from the Life & Health Insurance texts, read as follows:

| **Pathfinder Text** | **Sagamore Text** |
|---|---|
| As you begin your study of Property and Casualty insurance, it is important for you to build a working vocabulary of insurance terminology. | As we begin our study of Property and Casualty insurance, it is critical for you to build a foundational Property and Casualty insurance vocabulary. |
| For example, if Joe Insured works for 40 years and has an average income of a rather modest $25,000 a year, he will earn $1,000,000 over his lifetime. If his wife, Jolene, has the same earning capacity and also works for 40 years, they have a combined lifetime earning ability of $2,000,000. With adequate planning, they should be able to enjoy a relatively good life together. However, there are any number of events which could shatter this blissful picture. | For example, meet Calvin Client and his lovely wife, Clara. Both are employed, and over their 40 year working careers they each average an annual income of $50,000. They have a combined lifetime earning capacity of $4,000,000. In most areas of this country, they should easily be able to enjoy the American Dream…home ownership, kids to college, a comfortable retirement. However, if Cal dies at 45 or Clara becomes permanently disabled at 50, their dreams could be forever shattered. |

[*See* dkt. 19 at 5-6.]

Whatever slight similarities the passages above demonstrate completely evaporate when viewed in the context of the rest of each text, as they must be. *See Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 618 (7th Cir. 1982) ("When analyzing two works to determine whether they are substantially similar, courts should be careful not to lose sight of the forest for the trees." (footnote omitted)). For example, consider how the Pathfinder Property & Casualty Insurance text defines concept of "loss." [Pathfinder Property & Casualty text, p. 1-2.] Its definition spans six paragraphs. [*Id.* at pp. 1-2 to 1-3.] By contrast, the corresponding Sagamore definition of "loss" is only one paragraph. [Sagamore Property & Casualty text, p. 1-3.] Or consider the first few sentences from the introduction to the third chapter of the Property & Casualty Insurance texts:

| **Pathfinder Text** | **Sagamore Text** |
|---|---|
| At one time in the long history of the human species it was really true that if you wanted something done, you did it yourself. If you wanted to eat, you hunted or planted crops. If you wanted shelter, you found a cave or built a cabin. [Pathfinder Property & Casualty Insurance text, p. 3-1.] | In much the same way that the Declaration of Independence and the US Constitution are the foundational documents of our governmental and legal systems, the underpinnings of all **two-party or property** insurance contracts are found in a nearly extinct document known as the New York Standard Fire Policy of 1943. [Sagamore Property & Casualty Insurance text, p. 3-1.] |

Likewise, compare the opening sentences to discussion of HIV/AIDS and the underwriting process in the competing Life & Health Insurance texts:

| **Pathfinder Text** | **Sagamore Text** |
|---|---|
| Obviously, the disease known as Acquired Immune Deficiency Syndrome, or AIDS, has and will continue to have a huge impact on the underwriting of Life and Health insurance. Blood tests to detect the presence of HIV (Human Immunodeficiency Virus) are becoming commonplace. [Pathfinder Life & Health Insurance text, p. 3-9.] | Underwriting involves investigating detailed information about an insured's health history, medical information and credit rating. Insurance companies and agents must preserve and protect an insured's right to confidentiality of such information. [Sagamore Life & Health Insurance text, p. 3-3.] |

In short, having examined the competing works as a whole, the Court concludes that no reasonable jury could find that any presentation of the subject matter within the Pathfinder Text is substantially similar to anything in the Sagamore Text.

## CONCLUSION

Defendants' motion for summary judgment, [dkt. 16], is **GRANTED**. But final judgment will not issue at this time because the docket reflects that Pathfinder has asserted claims against the following Defendants who do not appear to have ever been served with process: Ronald E. Bock, Cynthia Sowa Ditusa, Russell S. Ditusa, Dean F. Kruger, Raymond D. Speas, John O. Eubank, and Avis Livererett. Plaintiff shall have **five days** in which to **SHOW CAUSE**, if it

- 9 -

can, why its claims against those apparently unserved Defendants should not be dismissed for failure to prosecute.

07/13/2010

                                      Hon. Jane Magnus-Stinson, Judge
                                      United States District Court
                                      Southern District of Indiana

**Distribution via ECF only:**

Mark J. Dinsmore
BARNES & THORNBURG LLP
mark.dinsmore@btlaw.com

William Kenneth Doss
ROBINSON & DOSS, LLC
will@robinsondoss.com

Mary Jane Frisby
BARNES & THORNBURG
mfrisby@btlaw.com